This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                   **No. 30,837**

**ERIC MUNOZ,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Freddie J. Romero, District Judge**

Gary K. King, Attorney General
Margaret E. McLean, Assistant Attorney General
Joel Jacobsen, Assistant Attorney General
Santa Fe, NM

for Appellee

The Law Office of the Public Defender
Jorge A. Alvarado, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1}      This matter comes before the Court on remand from our Supreme Court for further consideration of our prior decision to affirm in light of *State v. Montoya,* 2013-NMSC-020, 306 P.3d 426.  After considering the impact of *Montoya*, we assigned this case to the summary calendar and proposed to conclude that Defendant's convictions for aggravated battery with a deadly weapon and shooting at or from a motor vehicle violated his constitutional right to be free from double jeopardy.  The State has filed a memorandum in opposition, which we have considered.  We remain unpersuaded and reverse.

**I.      BACKGROUND**

{2}      Convicted of aggravated battery, conspiracy to commit aggravated battery, and shooting at or from a motor vehicle, Defendant appealed to this Court. [CN 1-2] We affirmed, after denying Defendant's motion to add the argument that his convictions for aggravated battery and shooting at or from a motor vehicle violated double jeopardy. [CN 2] We denied the motion on the basis that *State v. Dominguez*, 2005-NMSC-001, ¶¶ 17-21, 137 N.M. 1, 106 P.3d 563, *overruled by Montoya*, 2013-NMSC-020, ¶ 7, held that convictions for aggravated battery and shooting at or from a motor vehicle arising from unitary conduct does not violate double jeopardy. [May 2, 2011 Opinion, pp. 5-6] The Supreme Court then granted Defendant's petition for

a writ of certiorari on the double jeopardy issue and held a decision in abeyance pending its disposition in *Montoya*. [CN 2] The Supreme Court then issued its opinion in *Montoya*, quashed the writ of certiorari, and remanded the case to us for further proceedings in light of *Montoya*. [CN 2]

## II.    DISCUSSION

{3}    We recently addressed the impact of *Montoya* on the double jeopardy issue presented in this case and in *State v. Rudy B.*, No. 27,589, mem. op. ¶¶ 2, 4 (N.M. Ct. App. May 8, 2014) (non-precedential), and we reach the same conclusion here as we did in *Rudy B*. *Montoya* holds that unitary conduct resulting in convictions for both manslaughter and shooting at or from a motor vehicle causing great bodily harm violates double jeopardy. 2013-NMSC-020, ¶¶ 52, 54. In doing so, *Montoya* states, "[w]e hold that current New Mexico jurisprudence precludes cumulative punishment for both crimes, and we therefore overrule *State v. Gonzales*, [1992-NMSC-003,] 113 N.M. 221, 824 P.2d 1023 . . ., and the cases that have followed it, including the divided opinion[] in . . . *Dominguez*." *Montoya*, 2013-NMSC-020, ¶ 2. From this statement, the State continues to make the same argument it did in *Rudy B*. Specifically, the State argues that because *Montoya* did not specifically overrule that part of *Dominguez*, which holds that convictions for shooting at or from a motor

3

vehicle and aggravated battery do not violate double jeopardy, *Dominguez* still governs here. [MIO 9-13].

{4}     We acknowledged in our calendar notice that while the precise scope of *Montoya*'s overruling of *Dominguez* is certainly unclear, we conclude that *Montoya*'s reasoning also invalidates *Dominguez*'s holding that unitary conduct resulting in convictions for both aggravated battery and shooting at or from a motor vehicle does not violate double jeopardy. [CN 6-7] As in *Rudy B*., we therefore remain unpersuaded that *Dominguez* controls this case.

**CONCLUSION**

{5}     For the foregoing reasons and those stated in our calendar notice, Defendant's conviction for aggravated battery is reversed, and the case is remanded for that conviction to be vacated and for Defendant to be resentenced.

{6}     **IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

4

_____
**CYNTHIA A. FRY, Judge**